Filed 5/29/24  P. v. Cook CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  BILLY COOK,  Defendant and Appellant. | D082388  (Super. Ct. No. SCD286315) |

APPEAL from a judgment of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed.

James R. Bostwick Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

An information charged Billy Cook with eight counts of robbery (Pen. Code,[1] § 211) and one count of attempted robbery (§§ 664/211).  Each count

---

[1]    Undesignated statutory references are to the Penal Code.

alleged that Cook was on parole when the crimes were committed. (§ 1203.085, subd. (b).) It was also alleged that Cook had previously been convicted of five counts of robbery and one count of attempted robbery. (§§ 667, subd. (a), 1170.12.) The court found Cook mentally competent to stand trial, denied his motion for mental health diversion without prejudice, denied his *Marsden*[2] motion and his motion to dismiss under section 995.

After an unreported chambers conference in May 2023, the court went on the record and told Cook that if he agreed to "plead to the sheet" it would impose a prison sentence of 24 years, four months. The prosecutor informed Cook that he faced a maximum potential sentence of 270 years to life and that the prosecution would not offer a deal because Cook was a third strike defendant. Cook told the court he would "take the 24 years."

Cook signed a form agreeing to plead guilty to the eight robbery counts and one attempted robbery count alleged in the information. He also agreed to admit his prior convictions. The form reflected that the only promise or inducement Cook received was the stipulation to a sentence of 24 years, four months. Cook understood he had the right to a speedy and public trial by jury, the right to confront and cross-examine all the witnesses against him, the right to remain silent and the right to present evidence on his own behalf, but he agreed to give up these rights. He initialed the paragraph waiving his right to appeal any issue related to the strike priors and to "any sentence stipulated herein." Cook also signed a separate form stating there was a factual basis for each of the nine counts to which he was pleading guilty and to the prior convictions he was admitting.

The court held a plea colloquy where Cook agreed to a sentence of 24 years, four months. The court reviewed Cook's constitutional rights and Cook

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

acknowledged that he was giving up these rights. Cook confirmed he had signed the form with the factual basis for his guilty pleas and had stipulated to a factual basis for each count. Thereafter, he pled guilty to all nine counts and admitted all related allegations. Cook's counsel joined in the plea, agreeing it was "knowing, intelligent and voluntary."

At sentencing, the court honored the stipulated sentence of 24 years, four months. It struck five of the six strikes and ran all counts consecutive to the others except count 2, which would run concurrently with the others. Cook appealed, stating his appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. The notice of appeal form told Cook that if his appeal challenged a guilty plea he "must complete the Request for Certificate of Probable Cause on page 2 of this form." Cook did not request a certificate of probable cause.

## DISCUSSION

We appointed appellate counsel for Cook. Appointed appellate counsel filed a brief summarizing the facts and proceedings below. Counsel presented no argument for reversal but asked this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Counsel identified the following issue that "might arguably support the appeal" (*People v. Anders* (1967) 386 U.S. 738, 744) whether: the guilty pleas were invalid because Cook did not knowingly and intelligently waive his constitutional rights. On January 26, 2024, we advised Cook that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. He did not submit a response.

Cook's notice of appeal did not request a certificate of probable cause. Without a certificate of probable cause, he cannot contest the validity of his plea; the only issues cognizable on appeal are issues relating to the validity of

3

a denial of a motion to suppress or issues relating to matters arising after the plea was entered.  (§ 1237.5; Cal. Rules of Court, rule 8.304(b)(3); see generally, *People v. Johnson* (2009) 47 Cal.4th 668, 676–681.)  There was no motion to suppress.  We have independently reviewed the record and find no reasonable basis to challenge the stipulated sentence.  Accordingly, no arguable appellate issue appears.  Competent counsel has represented Cook on this appeal.

DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:

IRION, Acting P. J.

DO, J.